UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STELLA HAYES,

        Plaintiff,

v.

WAL-MART STORES EAST, LTD.
PARTNERSHIP AND JOHN DOE,

        Defendants.

_____/

Case No. 10-11648

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT WAL-MART STORES, INC.'S
MOTION FOR SUMMARY JUDGMENT [16]**

This negligence action arises from injuries Plaintiff alleges she suffered on November 28, 2008 at a Wal-Mart store on Belleville Road in Michigan. Plaintiff alleges that her injuries were caused by an employee of Defendant Wal-Mart Stores, Inc. ("Wal-Mart") who was pushing, rather than pulling, a wheeled cart down a store aisle that was piled so high with heavy boxes that the employee could not see who or what was in his path. This Court has diversity jurisdiction over the premises liability and ordinary negligence claims asserted in Plaintiff's complaint. This matter comes before the Court on Defendant's motion for summary judgment. For the reasons stated below, Defendant's motion is denied.

I.  **Facts**

On November 28, 2008, Plaintiff was at the Wal-Mart store on Belleville Road in Van Buren Township, Michigan with her daughter-in-law and granddaughter. She has shopped at this store many times in the past. On this day, she was in the card aisle with her nine-

year-old granddaughter, Ricki, looking for a birthday card for her son.  (Def.'s Mot., Ex. C,

Pl.'s 8/26/10 Dep. at 53-56.)  Plaintiff then walked out into one of the main aisles, turning

to her right as she did to tell her granddaughter to come along, and was hit in the left

shoulder by a box on a wheeled cart being pushed by a Wal-Mart employee.

> And I looked around, and I said, come on Ricki, let's go, and then when I
> stepped out in the aisle, that's when the young man that was pushing the cargo
> cart – and it was stacked up high, real high.  He couldn't see.  He was behind
> the cart, and he happened to hit me on – on my shoulder, when I turned around to
> call my granddaughter.

(Pl.'s Dep. at 57, 58-63, 67.)  Plaintiff, in a recorded incident report, stated that the Wal-

Mart employee was behind the cart, pushing it, "so he couldn't see me when I stepped out

[into] the aisle. . . ."  (Def.'s Mot., Ex. B, Pl.'s 12/01/08 Telephonic Stmt., Tr. at 11-12.)  The

large box on the cart being pushed by the Wal-Mart employee hit Plaintiff hard enough to

make her unsteady and knocked her off balance, but she did not fall.  She did not see or

hear any noise or verbal warnings before she was hit.   (Pl.'s Dep. at 64, 66-67, 73.)

Plaintiff testified that if the Wal-Mart employee had been pulling the cart rather than pushing

it then he would have been able to see what was in front of him and would have avoided

hitting her left shoulder.  (*Id.* at 70, 108.)  Plaintiff immediately reported the accident to a

Wal-Mart supervisor who filled out an incident report and told Plaintiff to call the store the

next day.  (*Id.* at 68, 70, 72-73.)  After reporting the accident to the Wal-Mart supervisor,

Plaintiff immediately paid for her purchases and left the store.  (*Id.* at 77.)  When Plaintiff

was getting ready to leave the store, she saw the same Wal-Mart employee pushing

another loaded cart.  She warned him to be careful because when he pushed the cart

instead of pulling it he "can't see nobody."  (Pl.'s Tele. Tr. at 12.)  Plaintiff subsequently

received treatment for her left shoulder, including surgery for a rotator cuff tear and physical therapy but was still experiencing pain.  (Pl.'s Dep. at 81-84.)

Plaintiff filed this negligence action in State court on March 17, 2010.  Defendants subsequently removed the action here.  (Def.'s Ex. A, Pl.'s Compl.)  Plaintiff's complaint alleges that Defendants owed her a duty of "ordinary care" and that Defendant Wal-Mart owed Plaintiff "a duty to safeguard the premises and take precautions to not hit shoppers." (*Id.* at ¶¶ 5-6.)  In addition to allegations of premises liability, Plaintiff alleges that Defendant Wal-Mart was negligent because it "failed to supervise the operations of their employee" who was operating a movable object with the potential to strike a customer, and that Defendant employee was negligent because he "failed to operate" the loaded pallet "in a reasonable and safe manner" that "would avoid the risk of injury" to store patrons.  (*Id.* at ¶¶ 8, 9, 13.)  Plaintiff also alleges that she suffered injuries as a result of Defendants' negligent acts.  (*Id.* at ¶¶ 10-13.)

## II.   Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A moving party may meet that burden "by 'showing' – that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case."  *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).  Revised Rule 56 expressly provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations,

stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  The revised Rule also provides the consequences of failing to properly support or address a fact:

If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or

(4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).  "The court need consider only the cited materials, but it may consider other materials in the record."  Fed. R. Civ. P. 56(c)(3).

When the moving party has met its burden under rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industries Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Ultimately a district court must determine whether the record as a whole presents a genuine issue of material fact, *id.* at 587, drawing "all justifiable inferences in the light most favorable to the non-moving party," *Hager v. Pike County Bd. Of Education*, 286 F.3d 366, 370 (6th Cir. 2002).

**III.   Analysis**

4

Defendant Wal-Mart argues that it is entitled to summary judgment on Plaintiff's negligence claims because, under Michigan law, it had no duty to protect Plaintiff. Specifically, Wal-Mart contends that, because Plaintiff's complaint asserts a premises liability claim and the alleged negligent acts of its employee presented an open and obvious danger that was avoidable and not unreasonably dangerous, Plaintiff cannot succeed on her negligence claims. Defendant's arguments fail for a number of reasons. Each is addressed below.

### A. Plaintiff Alleges Claims of Ordinary Negligence and Premises Liability

Defendant Wal-Mart misconstrues Plaintiff's complaint by ignoring her allegations that the negligent acts of a Wal-Mart employee caused her injuries and that Defendant Wal-Mart is vicariously liable for the negligent acts of its employee. Defendant Wal-Mart's motion fails to adequately address these claims of ordinary negligence and focuses solely on Plaintiff's premises liability claim. This fatal error was the subject of a recent Sixth Circuit decision. *See Kessler v. Visteon Corp.*, 448 F.3d 326 (6th Cir. 2006).

In *Kessler*, the court, applying Michigan law, considered the plaintiff's claims that the defendant owed him "a duty of care from its employee's conduct and operation of a hi-lo in its loading dock." *Id.* at 330. The plaintiff, a business invitee, was injured when he approached a hi-lo or forklift that was moving in reverse, and the forklift rolled over and broke the plaintiff's foot, struck him in the leg, and knocked him down. *Id.* at 328. In his complaint, the plaintiff alleged that the defendant was negligent in its "ownership and maintenance" of the forklift, that the defendant's "employee had been negligent in the operation" of the forklift, and that "these breaches of duty had resulted in severe,

5

permanent, and irreversible injury" to the plaintiff.  *Id.*  "The district court, applying Michigan law, found on summary judgment that [the defendant] did not owe [the plaintiff] a duty of care because of the open and obvious nature of the hazard."  *Id.*  The Sixth Circuit reversed, concluding that "[t]he district court erroneously combined and dismissed two distinct allegations of unreasonable risk of harm when it dismissed the danger as open and obvious."  *Id.*  The *Kessler* court held that:  (1) the defendant, "through its employee, owed [the plaintiff] a duty of care to operate its machinery in a reasonably safe manner," and (2) the plaintiff had "raised a genuine issue of material fact as to whether the operation of a forklift in proximity to pedestrians on the loading dock that day is an open and obvious *activity* that presents special aspects of danger under Michigan law."  *Id.* (emphasis in original).

Similar to the plaintiff in *Kessler*, Plaintiff's complaint here alleges two distinct theories of negligence -- ordinary negligence and premises liability.  As the court observed in *Kessler*, although the defendant premises owner "has a more limited duty to [the plaintiff invitee] as an owner of the property on which the injury occurred, it has an *independent* duty to [the plaintiff] arising vicariously from its employee's operation of the [forklift]."  *Id.* at 331 (emphasis in original).  "This latter duty is unaffected by the open and obvious nature of the hazard because it is unrelated to premises liability."  *Id.* Defendant Wal-Mart's motion fails to recognize that Plaintiff's claims of ordinary negligence and premises liability are distinct because "one flows from actions, the other from possession."  *Id.*  But, as the *Kessler* court observed, "[b]oth place the burden of limiting injuries upon the person most likely to be effective in doing so."  *Id.*

6

In its motion, Defendant Wal-Mart improperly "conflate[s] the two analyses into one and proceed[s] to discuss duty exclusively in terms of premises liability." *Id.* at 332. Wal-Mart's analysis fails here because Michigan and federal courts have consistently recognized that "'the open and obvious danger doctrine is inapplicable to [ ] ordinary negligence claim[s].'" *Id.* at 333-34 (quoting *Laier v. Kitchen*, 702 N.W.2d 199, 204 (Mich. Ct. App. 2005) and citing other Michigan and federal court decisions). Moreover, as the *Kessler* court observed, "the policy considerations guiding decisions of the Michigan Supreme Court would be effectively undermined by an extension of the open and obvious doctrine into the area of ordinary negligence." *Id.* at 335. Specifically, "[a]n expansion of the open and obvious [danger] doctrine into the realm of ordinary negligence undermines the policy goal of placing responsibility for accidents with those who are in the best position to prevent them." *Id.* at 336.

Applying these principles here, Plaintiff's complaint asserts an independent claim of ordinary negligence -- that Defendant Wal-Mart, through its employee, owed Plaintiff a duty of care to operate its wheeled cart loaded with heavy boxes in a reasonably safe manner. Plaintiff's deposition testimony supports her claim that Defendant breached its duty of care when its employee pushed, rather than pulled, the fully-loaded cart through its store aisle in way that obstructed his view. Defendant is not entitled to summary judgment on Plaintiff's claim of ordinary negligence.

The Court now addresses Plaintiff's premises liability claim.

### B. Premises Liability and the Open and Obvious Danger Doctrine

As stated above, Defendant Wal-Mart argues that the challenged activity -- an employee pushing a loaded cart down a store aisle -- is an open and obvious danger that an ordinary, reasonable person could have easily avoided and further argues that there are no special aspects about its employee's activities that made it unavoidable or unreasonably dangerous.   Plaintiff argues in response that her testimony raises a genuine issue of material fact whether the challenged activity of Wal-Mart employee's constituted an open and obvious danger and, even if it did, whether special aspects existed that made Defendant Wal-Mart and its employee's actions unreasonably dangerous, i.e., pushing rather than pulling the wheeled cart, packing the cart so high that it obstructed the employee's view, and failing to warn customers that a cart was approaching.  This Court agrees with Plaintiff -- genuine issues of material fact exist on Plaintiff's premises liability claim.

 The Michigan Supreme Court most recently considered the open and obvious danger doctrine in *Lugo v. Ameritech Corporation*, 629 N.W.2d 384 (Mich. 2001), and began its analysis by summarizing the general rule:

> [T]he general rule is that a premises possessor is not required to protect an invitee from open and obvious dangers, but, if special aspects of a condition make even an open and obvious risk unreasonably dangerous, the premises possessor has a duty to undertaken reasonable precautions to protect invitees from that risk.

*Id.* at 386.  The *Lugo* Court instructed that, when a defendant seeks to invoke the open and obvious danger doctrine and argue that it owed the plaintiff no duty of care, the focal point is on the existence or absence of "special aspects:"

[W]ith regard to open and obvious dangers, the critical question is whether there is evidence that creates a genuine issue of material fact regarding whether there are truly "special aspects" of the open and obvious condition that differentiate the risk from typical open and obvious risks so as to create an unreasonable risk of harm, i.e., whether the "special aspects" of the condition should prevail in imposing liability upon the defendant or the open and obviousness of the condition should prevail in barring liability.

*Id.* at 387.  The Court cautioned that "[t]he level of care used by a particular plaintiff is irrelevant to whether the condition created or allowed to continue by a premises possessor is unreasonably dangerous."  *Id.* at 389, n.5.  "[T]he fact that the plaintiff was also negligent would not bar a cause of action.  This is because Michigan follows the rule of comparative negligence."  *Id.* at 390.  "Accordingly, it is important for courts in deciding summary disposition motions by premises possessors in 'open and obvious' cases to focus on the objective nature of the condition of the premises at issue, not on the subjective degree of care used by the plaintiff."  *Id.*

The Sixth Circuit in *Kessler* applied the analysis and holding set out in *Lugo*.  It concluded that there was "enough evidence in the record to create a material issue of fact as to whether [the plaintiff] could have 'effectively avoid[ed]' an encounter with a [forklift]."  *Kessler*, 448 F.3d at 341 (quoting language from *Lugo*, 629 N.W.2d at 387).  The *Kessler* court compared the circumstances present in *Kessler* with those present in Michigan cases finding that "special aspects" exist and observed that these "other circumstances . . . appear far less dangerous than the situation described in the instant case."  *Id.* (discussing cases).  It further observed that "using [the plaintiff]'s knowledge to evaluate the special aspects of the danger presented by [forklifts] on the loading dock would be incorrect" because "[i]n *Lugo*, the Michigan Supreme Court makes clear that when evaluating a

9

danger for special aspects, it is the condition of the premises that is at issue, nothing else." *Id.* at 342.

Similar to the plaintiff in *Kessler*, Plaintiff here has presented evidence that creates a material issue of fact as to whether a store patron could have effectively avoided an encounter with a wheeled cart being pushed rather than pulled through a Wal-Mart's store aisle by an employee whose vision is obstructed because the cart is piled high with heavy boxes and whether these "special aspects" render the activity of the Wal-Mart employee unreasonably dangerous.   Accordingly, Defendant's motion for summary judgment on Plaintiff's premises liability claim in denied.

## IV.   Conclusion

For the above-stated reasons, Defendant's motion for summary judgment is DENIED.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge


Dated:  February 17, 2011


I hereby certify that a copy of the foregoing document was served upon counsel of record on February 17, 2011, by electronic and/or ordinary mail.


s/Carol A. Hemeyer
Case Manager